LUKE MATHERS
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
(212) 264-9236
luke.mathers@usdoj.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SUSAN WEBBER, JONATHAN ST. GODDARD, RHONDA MOUNTAIN CHIEF, DAVID MOUNTAIN CHIEF and Does 1 – 100,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM in her official capacity; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CV 25-26-GF-DLC<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY PENDING DISPOSITION OF DEFEDANTS' MOTION TO TRANSFER** |

The Court should stay proceedings while it considers defendants' motion to transfer this case to United States Court of International Trade. As explained in defendants' motion to transfer, this Court lacks jurisdiction over plaintiffs' claims, all of which challenge the imposition of tariffs and thus fall within the Court of

1

International Trade's exclusive jurisdiction. *See* 28 U.S.C. § 1581(i). Questions of jurisdiction "must be considered before evaluating [a] motion for a preliminary injunction," because the motion is "moot" if the court "is without subject matter jurisdiction." *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012); *accord Sires v. State of Wash.*, 314 F.2d 883, 884 (9th Cir. 1963) ("where there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction."); *Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145, 149 (D.D.C. 2004) (a district court "must resolve any challenge to its jurisdiction before it may proceed" to consider a motion for a preliminary injunction); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2941 (3d ed.) (Federal Rule of Civil Procedure 65 "assumes that the district court already has acquired jurisdiction and that venue is proper"). A stay of all other proceedings pending resolution of this jurisdictional transfer motion—including defendants' deadline to respond to plaintiffs' motion for preliminary and permanent injunctive relief and the hearing on that motion scheduled for May 1, 2025—is thus warranted.

This Court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," including through issuing a stay. *Landis v. N. American Co.*, 299 U.S.

248, 254 (1936).  A stay is warranted where it is limited in duration and will preserve party and judicial resources to no one's detriment.  *See id.* at 254–55.

Such is the case here.  A brief stay of proceedings to permit the Court to decide defendants' motion to transfer would prevent the waste of judicial and party resources that would occur if the Court grants defendants' motion to transfer *after* the parties have already been required to complete briefing on plaintiffs' injunction motion, marshal witnesses and evidence, and appear for a hearing in less than three weeks.  Indeed, this is why motions to transfer often should "take[] a top priority in the handling of [a] case by the … District Court."  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  Prioritizing decision on a motion to transfer "prevent[s] the waste of time, energy and money" spent on litigating in the wrong court, and "protect[s] litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

This is all the more true where, as here, transfer is mandated because of a jurisdictional defect.  "[F]ederal courts may not issue advisory opinions."  *In re Dumont*, 581 F.3d 1104, 1112 n.14 (9th Cir. 2009) (citing *Muskrat v. United States*, 219 U.S. 346, 352–60 (1911)).  Considering plaintiffs' requests for preliminary and permanent injunctive relief, despite this Court's lack of subject-matter jurisdiction, would be not only an exercise in futility but also reversible

3

error. Just as transferring this case to the Court of International Trade would be the "prudent thing to do," *Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995), so too would staying proceedings pending disposition of defendants' motion to transfer. *See, e.g.*, *Labat-Anderson*, 346 F. Supp. 2d at 149 (transferring action to the Court of Federal Claims rather than opining on the merits of a preliminary-injunction motion).

For these reasons, defendants respectfully request that the Court stay all proceedings—including defendants' deadline to respond to plaintiffs' motion for preliminary and permanent injunctive relief and the May 1, 2025 hearing on that motion—pending disposition of defendants' motion to transfer this case to the Court of International Trade.

DATED: April 14, 2025

OF COUNSEL:

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

SOSUN BAE
Senior Trial Counsel
BLAKE W. COWMAN
Trial Attorney
U.S. Department of Justice

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge

4

| | |
|---|---|
| Civil Division<br>Commercial Litigation Branch<br><br>KURT G. ALME<br>United States Attorney<br>MARK S. SMITH<br>Assistant United States Attorney<br>2601 2nd Ave N.<br>Suite 3200<br>Billings, MT 59101<br>(406) 657-6101 | International Trade Field Office<br><br><u>/s/ Luke Mathers</u><br>LUKE MATHERS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, NY 10278<br>(212) 264-9236<br>luke.mathers@usdoj.gov<br>*Attorneys for Defendants* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the undersigned, relying on the word count feature of the word-processing system used to prepare the foregoing brief, certifies that this brief contains 663 words.

/s/ Luke Mathers
LUKE MATHERS
