Monica J. Tranel
TRANEL LAW FIRM, P.C.
401 Washington Street
Missoula, MT 59802
(406) 926-2662
mtranel@tranelfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| Susan Webber, Jonathan St. Goddard, Rhonda Mountain Chief and David Mountain Chief,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, THE UNITED STATES OF AMERICA, and, in her official capacity, KRISTI NOEM,<br><br>Defendants. | Cause No. CV 25-26-GF-DLC<br><br>**NOTICE OF ADDITIONAL AUTHORITY** |

The government provided an Order by the Court of International Trade in New York as "additional authority" for a transfer of this case. (Doc. 35.) No reason is given as to how a denial of a TRO in a case filed in the CIT, invoking that court's jurisdiction, has any bearing on this court's resolution of a motion to transfer this case to New York. The plaintiffs in *V.O.S. Selections, Inc. v. Trump*,

**REPSONSE TO NOTICE OF ADDITIONAL AUTHORITY**        1

No. 25-00066, (Ct. Int'l Trade Apr. 22, 2025) are importers; they all allege that the CIT has jurisdiction.

That has no relevance here. Plaintiffs here are tribally enrolled members of the Blackfeet Nation, bringing constitutional claims for relief that will apply in Montana. Not once does the government ever explain how this Court lacks jurisdiction. That is the first step required by a party filing a motion to transfer.

What is relevant is the administration's position that the tariffs imposed through the executive orders are embargoes:

> "As I said yesterday, **this is the equivalent of an embargo**, and a break between the two countries in trade does not suit anyone's interest," Bessent told reporters. Exhibit 20, attached.
>
> "I would posit that over the very near future, there will be a de-escalation,"
>
> Mr. Bessent said. "**We have an embargo now**, on both sides."

Using the administration's own characterization of the tariffs, the Court of International Trade is specifically precluded from exercising jurisdiction:

> 28 U.S.C. § 1581(i)(3) specifically precludes jurisdiction in this case:
>
> [T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for ... **embargoes** or other quantitative restrictions on the importation of merchandise *for reasons other than the protection of the public health or safety*.[1]

---

[1] 28 U.S.C. § 1581(i)(3) (emphasis added).

**REPSONSE TO NOTICE OF ADDITIONAL AUTHORITY**  2

The Executive Orders challenged by the Plaintiffs are explicitly predicated on a national emergency and invoke the public safety.

Based upon the administration's stated characterization (which the government did not provide), the motion to transfer should be denied.

DATED this 23rd day of April, 2025.

                                      TRANEL LAW FIRM P.C.

                                      *Monica J. Tranel*
                                      Monica J. Tranel
                                      *Attorneys for Plaintiffs*