Monica J. Tranel
TRANEL LAW FIRM, P.C.
401 Washington Street
Missoula, MT  59802
(406) 926-2662
mtranel@tranelfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| Susan Webber, Jonathan St. Goddard, Rhonda Mountain Chief and David Mountain Chief,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, THE UNITED STATES OF AMERICA, and, in her official capacity, KRISTI NOEM,<br><br>Defendants. | Cause No. CV 25-26-GF-DLC<br><br><br><br>**BRIEF IN SUPPORT OF MOTION FOR INJUNCTION WHILE APPEAL IS PENDING** |
|---|---|

Plaintiffs submit this brief in support of their motion for an injunction pending the appeal in this case, pursuant to F.R.Civ.Pro. 62 and FRAP 8(a)(1)(C).

## ARGUMENT

Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1) allow the district court to maintain jurisdiction to preserve the status quo during the pendency of an appeal even though filing an appeal generally

**PLAINTIFFS BRIEF IN SUPPORT OF MOTION FOR INJUNCTION        1
PENDING APPEAL**

divests the district court of jurisdiction.[1] Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed, but "[t]his rule is not absolute."

Federal Rule of Civil Procedure 62(d) provides:

While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Federal Rule of Appellate Procedure 8(a)(1) provides:

A party must ordinarily move first in the district court for... (C) an order... granting an injunction while an appeal is pending.

Plaintiffs must first apply to the district court before seeking relief from the appellate court.[2] This Court set a hearing for May 1, 2025 at 1:30 in Great Falls. Witness lists have been submitted and Plaintiffs are prepared to put on evidence in support of their claims of irreparable harm and a fair chance of success on the merits. Plaintiffs ask that the May 1 hearing be held as scheduled.

The public interest will be served by allowing Plaintiffs to present their evidence and arguments for a preliminary injunction. Plaintiffs are individuals, family businesses, and ranchers, who are experiencing harm from the challenged

---

[1] *Nolan v. Salmonsen*, CV 23-18-H-BMM (D. Mont. Mar 13, 2024) citing *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).
[2] *N. Plains Res. Council v. U.S. Army Corps of Eng'rs,* 460 F.Supp.3d 1030, 1044 (D. Mont. 2020), citing *Al Otro Lado, Corp. v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020).

**PLAINTIFFS BRIEF IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL**                    2

executive orders now. This is not an ephemeral harm at a large multi-national corporate level that can be corrected through accounting true-ups. These are people, living near the border, being severely impacted by unconstitutional orders. Plaintiffs ask the Court to hear their claims on May 1, as planned, to retain the status quo pending the appeal.

The standard for granting an injunction pending appeal is the same as the standard for granting a preliminary injunction.[3] A district court may grant an injunction pending appeal using the same four-factor test applied to a preliminary injunctions: likelihood of success on the merits, likelihood of irreparable harm, balance of equities, and public interest.[4]

The legal standard for an injunction has been briefed. The government has filed its opposition, and Plaintiffs are prepared to file their reply brief in support. The hearing has been set, witness lists have been filed, and the Plaintiffs are prepared to move forward with presenting evidence on their claims based on irreparable harm and a fair chance of success on the merits.

---

[3] *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008), see also *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).
[4] *Firearms Policy Coal. v. City of San Diego* (No. 23cv400-LL-VET S.D.CA 2024), citing Federal Rule of Civil Procedure 62(d); also *Donges v. USAA Fed. Sav. Bank*, No. CV-18-00093-TUC-RM (D. Ariz. Jul 15, 2019).

PLAINTIFFS BRIEF IN SUPPORT OF MOTION FOR INJUNCTION     3
PENDING APPEAL

An injunction granted pending an appeal has substantial overlap with the factors governing preliminary injunctions because similar concerns are present for these forms of relief.[5] The district court's review is to preserve the status quo during the pendency of an appeal; the request for an injunction "does not restore jurisdiction to the district court to adjudicate anew the merits of the case."[6]

## CONCLUSION

Pursuant to F.R.Civ.Pro. 62(d) and FRAP 8(a) Plaintiffs respectfully request the District Court issue an injunction as requested pending the appeal. Plaintiffs request that the hearing set for May 1, 2025 proceed as planned on Plaintiffs' motion for a preliminary injunction. Plaintiffs alleged irreparable harm. It is in the public interest for the Court to proceed with the hearing and enjoin the executive orders as requested.

Respectfully submitted this 25th day of April, 2025.

TRANEL LAW FIRM, P.C.

By:   /s/ *Monica Tranel*
          Monica Tranel

---

[5] *Nken*, 556 U.S. at 434 (internal citation omitted), see also *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).
[6] *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938 (9th Cir. 2020).

**PLAINTIFFS BRIEF IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL**                4