IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SUSAN WEBBER; JONATHAN ST. GODDARD; RHONDA MOUNTAIN CHIEF; and DAVID MOUNTAIN CHIEF,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM in her official capacity; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CV 25–26–GF–DLC<br><br>ORDER |

On April 25, 2025, the Court granted Defendants' motion to transfer this matter to the United States Court of International Trade. (Doc. 40.) Plaintiffs subsequently filed a notice of appeal of the order transferring jurisdiction "as well as all prior orders and decisions that merge into that Order." (Doc. 41.) Plaintiffs now move for a preliminary injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a). (Doc. 42.) This motion will be denied.

As a general rule, once a notice of appeal is filed, "the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council,*

1

*Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also Demartini v. Microsoft Corporation*, 2024 WL 1543192, at *3 (N.D. Cal. April 8, 2024) (recognizing general rule that district court is divested of jurisdiction upon notice of appeal); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1082) ("When a judgment is appealed, jurisdiction over the case passes to the appellate court."). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166. The rule, however, is not absolute, and the district court retains jurisdiction during the pendency of an appeal "to preserve the status quo." *Id.*; *see also McClatchy Newspapers*, 686 F.2d at 734.

This exception has been codified in Federal Rule of Civil Procedure 62(d), the Rule pursuant to which Plaintiffs request relief. Rule 62(d) provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on the terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d). Federal Rule of Appellate Procedure 8(a)(1) likewise provides that "[a] party must ordinarily move first in the district court for . . . (C) an order . . . granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1).

The issue here, however, is that the Court's order transferring jurisdiction did not address the merits of Plaintiffs' initial motion for a preliminary and permanent injunction (Doc. 3). (*See generally* Doc. 40) (finding the Court lacked jurisdiction over matters pled in the First Amended Complaint and transferring jurisdiction to the Court of International Trade). Therefore, because the Court neither granted nor denied Plaintiffs' initial motion for a preliminary injunction, Plaintiffs' request fails to satisfy the threshold requirement to the exception upon which they rely: an order granting, denying, or dissolving an injunction. *See* Fed. R. Civ. P. 62(d). As a result of Plaintiffs' notice of appeal, (Doc. 41), the Court lost jurisdiction over this matter. *See Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166.

Accordingly, IT IS ORDERED that Plaintiffs' motion for preliminary injunction pending appeal (Doc. 42) is DENIED.

IT IS FURTHER ORDERED that the hearing scheduled for May 1, 2025, remains vacated.

DATED this 28th day of April, 2025.

Dana L. Christensen, District Judge
United States District Court