LUKE MATHERS
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, NY 10278
(212) 264-9236
luke.mathers@usdoj.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SUSAN WEBBER, JONATHAN ST. GODDARD, RHONDA MOUNTAIN CHIEF, and DAVID MOUNTAIN CHIEF,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM in her official capacity; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CV 25-26-GF-DLC<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

The Court should deny plaintiffs' motion for reconsideration because the

Court correctly transferred this matter to the Court of International Trade.

1

Plaintiffs largely repeat the same arguments made in prior filings and fail to identify any manifest error of law that would support reconsideration. The Court should deny plaintiffs' motion.

## STANDARD OF REVIEW

Reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). That is especially so given that plaintiffs have appealed the order they ask this Court to reconsider. In this circumstance, the Court may only deny the motion, defer ruling on it, or request that the Ninth Circuit remand. Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1. Courts typically grant reconsideration under Rule 59(e) only "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). It is improper for a party to use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotations and citations omitted). The Court "enjoys considerable

discretion in granting or denying [a Rule 59(e)] motion[.]" *Allstate Ins. Co.*, 634 F.3d at 1112.

## ARGUMENT

I. **This Court Correctly Concluded That The Court Of International Trade Has Exclusive Jurisdiction Over This Case**

This Court correctly identified plaintiffs' claims as challenges to the President's imposition of tariffs and duties under the International Emergency Economic Powers Act (IEEPA) and Section 232 of the Trade Expansion Act of 1962, ECF No. 40 at 7-8, and also correctly concluded that the claims belong in the Court of International Trade under 28 U.S.C. § 1581(i). *Id.* at 15-16. Nothing in plaintiffs' motion changes that analysis.

Plaintiffs contend that, as members of the Blackfeet Tribe, the Constitution's Indian Commerce Clause and the Jay Treaty of 1794 free them from tariffs, ECF No. 46 (Mot.) 3-10, and that, because of their status as Tribe members, the question falls outside the Court of International Trade's jurisdiction. The Court already addressed this argument in its order granting transfer. Regardless of any "uniqueness and importance of this case to tribal members in Montana," the question is "whether the Court of International Trade has *exclusive* subject matter jurisdiction pursuant to" section 1581(i). ECF No. 40 at 15-16 (emphasis in original).

The Court is right.  Plaintiffs "may not, by creatively framing [their] complaint, circumvent a congressional grant of jurisdiction" to the Court of International Trade.  *United States v. Universal Fruits & Vegetables Corp.*, 370 F.3d 829, 836 (9th Cir. 2004) (quotation omitted).  At its core, plaintiffs' action seeks to enjoin tariffs.  *See* Amended Compl.  That vests the Court of International Trade with jurisdiction over their action, and divests jurisdiction from the district court.  ECF No. 40 at 16 (citing *K Mart Corp. v. Cartier, Inc*, 485 U.S. 176, 183 (1988)).  The particular legal arguments that plaintiffs have raised to challenge these tariffs do not alter the analysis; otherwise, litigants "could simply recast" their claims to circumvent the Court of International Trade's exclusive jurisdiction.  *Universal Fruits & Vegetables Corp.*, 370 F.3d at 836 ("A [c]ongressional grant of exclusive jurisdiction cannot be so easily circumvented." (quotation omitted)).

Plaintiffs' argument that 28 U.S.C. § 1362 gives the district court exclusive jurisdiction over all civil actions brought by Indian Tribes fares no better.  Section 1362 provides district courts with "original jurisdiction of all civil actions, brought by any Indian tribe . . . wherein the matter in controversy arises under the Constitution, law, or treaties."  28 U.S.C. § 1362.  First, section 1362 applies to Indian Tribes and "is not available to individual Indians."  *Dillon v. Montana*, 634 F.2d 463, 469 (9th Cir. 1980).  Plaintiffs are individual "members of the Blackfeet

4

Tribe," but the Blackfeet Tribe itself is not a party. Mot. 1. Thus, the statute does not apply to these plaintiffs in this litigation.

Even if it did apply, it would not override section 1581's grant of exclusive jurisdiction to the Court of International Trade. The statute simply mirrors 28 U.S.C. § 1331's general grant of federal-question jurisdiction and extends that grant to Indian Tribes. It contains none of the clear language that provides the Court of International Trade with *exclusive* jurisdiction under section 1581. Additionally, section 1581—in addition to being enacted later in time—is more specific than section 1362. *See Morton v. Mancari*, 417 U.S. 535, 550-51 (1974). And section 1362 "does not itself signify that Indian tribes are exempted from the provisions of" other jurisdictional statutes. *Moe v. Confederated Salish & Kootenai Tribes of Flathead Rsrv.*, 425 U.S. 463, 472 (1976).

This is consistent with the Court of International Trade's treatment of similar cases. As this Court recognized in its transfer order, ECF No. 40 at 16, the Court of International Trade's predecessor has considered claims of Native Americans alleging entitlement to duty-free entry of goods under the Jay Treaty of 1794. *Akins v. United States*, 551 F.2d 1222 (C.C.P.A. 1977); *United States v. Garrow*, 88 F.2d 318 (C.C.P.A. 1937). The Court of International Trade thus has exclusive jurisdiction over challenges arising from statute providing for tariffs, or

5

challenging administration or enforcement of tariffs—including those brought by tribal members.

Finally, this Court's order transferring the case under section 1631 is not "in effect dismissal under Rule 12(b)(1)," as plaintiffs suggest. Mot. 8. "This argument mischaracterizes the District Court's order, for the court did not dismiss the case. A transfer order keeps the case alive; an order dismissing the case brings the action to an end." *Ukiah Adventist Hosp. v. Fed. Trade Comm'n*, 981 F.2d 543, 547 (D.C. Cir. 1992). There is no manifest injustice because plaintiffs will be able to pursue their claims at the Court of International Trade—including their argument that that court lacks jurisdiction.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' motion for reconsideration.

DATED: May 9, 2025                                          Respectfully submitted,

OF COUNSEL:                                                 YAAKOV M. ROTH
                                                            Acting Assistant Attorney General

ALEXANDER K. HAAS
Director                                                    ERIC J. HAMILTON
                                                            Deputy Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Director                                          PATRICIA M. McCARTHY
U.S. Department of Justice                                  Director
Civil Division
Federal Programs Branch                                     /s/ Claudia Burke
                                                            CLAUDIA BURKE
SOSUN BAE                                                   Deputy Director
Senior Trial Counsel
CATHERINE M. YANG                                           /s/ Justin R. Miller
BLAKE W. COWMAN                                             JUSTIN R. MILLER
COLLIN T. MATHIAS                                           Attorney-In-Charge
Trial Attorney                                              International Trade Field Office
U.S. Department of Justice
Civil Division                                              /s/ Luke Mathers
Commercial Litigation Branch                                LUKE MATHERS
                                                            Trial Attorney
KURT G. ALME                                                U.S. Department of Justice
United States Attorney                                      Civil Division
MARK S. SMITH                                               Commercial Litigation Branch
Assistant United States Attorney                            26 Federal Plaza, Room 346
2601 2nd Ave N.                                             New York, NY 10278
Suite 3200                                                  (212) 264-9236
Billings, MT 59101                                          luke.mathers@usdoj.gov
(406) 657-6101

                                                            *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(A), the undersigned, relying on the word count feature of the word-processing system used to prepare the foregoing brief, certifies that this brief contains 1048 words.

<u>/s/ Luke Mathers</u>
LUKE MATHERS