Monica J. Tranel
TRANEL LAW FIRM, P.C.
401 Washington Street
Missoula, MT 59802
(406) 926-2662
mtranel@tranelfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| Susan Webber, Jonathan St. Goddard, Rhonda Mountain Chief and David Mountain Chief,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, THE UNITED STATES OF AMERICA, and, in her official capacity, KRISTI NOEM,<br><br>Defendants. | Cause No. CV 25-26-GF-DLC<br><br>**NOTICE OF ADDITIONAL AUTHORITY** |

Plaintiffs respectfully submit this notice of supplemental authority, which was not cited in prior briefing because the decision was issued yesterday. On May 28, 2025, the Court of International Trade entered an Order on summary judgment in *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, (Ct. Int'l Trade Slip Op. 25-66, issued May 28, 2025, attached as Plaintiffs Exhibit 28).

In *V.O.S. Selections*, the CIT's held:

**NOTICE OF ADDITIONAL AUTHORITY**                                                               1

> the Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. 1, § 1. Congress is empowered "[t]o make all Laws which shall be necessary and proper for carrying into Execution" its general powers. Id. § 8, cl. 18. The Constitution thus establishes a separation of powers between the legislative and executive branches that the Framers viewed as essential to the preservation of individual liberty. See, e.g., The Federalist No. 48 (James Madison). To maintain this separation of powers, "[t]he Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested." *Pan. Refining Co. v. Ryan*, 293 U.S. 388, 421 (1935); see also *Marshall Field & Co. v. Clark*, 143 U.S. 649, 692 (1892).

Slip Op. p. 26-27. The CIT determined that the Executive Orders effort to exercise unlimited tariff authority is unconstitutional. The Orders violate the constitutional principle that Congress retains exclusive power over taxation and trade regulation under Article I, Section 8 of the U.S. Constitution.

This ruling is directly relevant to the constitutional and separation of powers issues Plaintiffs bring in the present case, arising under Article I, Section 8, Clause 3. The CIT's reasoning affirms that the Executive Orders violate foundational constitutional principles. The Court noted that: "The separation of powers is

always relevant to delegations of power between the branches." [Slip Op. p. 28]. The Court held "The Worldwide and Retaliatory tariffs are thus ultra vires and contrary to law." [Slip Op. p. 36.] The Canada Orders at issue here are a subset of the Worldwide and Retaliatory tariffs, and are also ultra vires and contrary to law.

Plaintiffs respectfully submit that to the narrow extent the Order on summary judgment pertains to the constitutional separation of powers question raised here, *V.O.S. Selections* supports the argument that the Canada Orders are ultra vires and must be enjoined to prevent ongoing harm.

The Order on summary judgment has no bearing, however, on the jurisdictional question before the Court. The *only* court that has subject matter jurisdiction over Blackfeet tribal members' assertion of their Constitutional right under the Indian Commerce Clause is this Court. Article III § 2 Cl. 1.

The Order on summary judgment is relevant to the merits question of the constitutionality of the Canada Orders. On the merits the CIT concluded:

> There is no question here of narrowly tailored relief; if the challenged Tariff Orders are unlawful as to Plaintiffs they are unlawful as to all. "[A]ll Duties, Imposts and Excises shall be uniform throughout the United States," U.S. Const. art. I, § 8, cl. 1, and "[t]he tax is uniform when it operates with the same force and effect in every place where the subject of it is found." *Head Money Cases*, 112 U.S. 580, 594 (1884); see also *Siemens Am., Inc. v.*

*United States*, 692 F.2d 1382, 1383 (Fed. Cir. 1982); *Nat'l Corn Growers Ass'n v. Baker*, 10 CIT 517, 521, 643 F. Supp. 626, 630–31 (1986) (noting "the statutory and constitutional mandate of uniformity in the interpretation of the international trade laws").

Slip. Op. pp. 48-49.

This Court has exclusive jurisdiction over the Plaintiffs claims arising under Article I, Section 8, Clause 3, alleging the Canada Orders are unlawful under the Indian Commerce Clause: "Congress shall have Power…To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." The Commerce Clause draws a clear distinction between "States," "foreign Nations," and "Indian Tribes." The decision in *V.O.S. Selections* holds that the Orders are unconstitutional under the commerce clause. This Court has exclusive jurisdiction to make that determination as to Plaintiffs in this case.

Plaintiffs respectfully request that the Court retain jurisdiction and apply the substantive decision in *V.O.S. Selections* to the merits of the Indian Commerce Clause here, and enter judgment for the Plaintiffs and against the government. DATED this 29th day of May, 2025.

> TRANEL LAW FIRM P.C.
>
> *Monica J. Tranel*
> Monica J. Tranel
> *Attorneys for Plaintiffs*

**NOTICE OF ADDITIONAL AUTHORITY** 4